```
 1 | KAREN P. HEWITT
   | United States Attorney
 2 | DAVID B. WALLACE
   | Assistant U.S. Attorney
 3 | California State Bar No. 172193
   | United States Attorney's Office
 4 | 880 Front Street, Room 6293
   | San Diego, California 92101-8893
 5 | Telephone: (619) 557-5049
   | Dave.Wallace@usdoj.gov
 6 | Attorneys for Defendant
   | United States of America
 7 |
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA CRANN, formerly known as LAURA CARDOSO, | No. 07CV2167-DMS (NLS) |
| Plaintiff, | |
| v. | ANSWER TO COMPLAINT |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

COMES NOW the Defendant, by and through its counsel, Karen P. Hewitt, United States Attorney, and David B. Wallace, Assistant United States Attorney, and in answer to Plaintiff's Complaint, sets forth the following:

1. Answering Paragraph 1 of the complaint, Defendant alleges that the allegations contained therein are legal conclusions solely within the purview of the court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

2. Answering Paragraph 2 of the complaint, Defendant admits the substantial truth of the allegations contained therein.

3. Answering Paragraph 3 of the complaint, Defendant admits the substantial truth of the allegations contained therein.

4. Answering Paragraph 4 of the complaint, Defendant admits the substantial truth of the allegations contained therein.

5. Answering Paragraph 5 of the complaint, Defendant alleges that the allegations contained therein are legal conclusions solely within the purview of the court and for its determination, and no

answer is therefore required. To the extent an answer is required, said allegations are denied.

6. Answering Paragraph 6 of the complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically allegations regarding Laura Crann. With respect to Plaintiff's allegations regarding Defendant's agents, Defendant admits the substantial truth of the allegations contained therein.

7. Answering Paragraph 7 of the complaint, Defendant incorporates herein its answers to Paragraphs 1-6 of the complaint.

8. Answering Paragraph 8 of the complaint, Defendant admits the substantial truth of the allegations contained therein.

9. Answering Paragraph 9 of the complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

10. Answering Paragraph 10 of the complaint, Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

11. Answering Paragraph 11 of the complaint, including the prayer for judgment, Defendant denies that it was negligent or that it proximately caused any injury or loss to the Plaintiff, as alleged in the complaint or otherwise.

12. Answering Paragraph 12 of the complaint, including the prayer for judgment, Defendant denies that it was negligent or that it proximately caused any injury or loss to the Plaintiff, as alleged in the complaint or otherwise.

13. Answering Paragraph 13 of the complaint, including the prayer for judgment, Defendant denies that it was negligent or that it proximately caused any injury or loss to the Plaintiff, as alleged in the complaint or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further and separate answer, Defendant alleges as follows:

FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

SECOND DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted to Plaintiff against Defendant under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680), as averred in the Complaint or otherwise, for the reason that if Defendant were a private person, it would not be liable to Plaintiff in accordance with the law of the State of California.

FOURTH DEFENSE

Plaintiff is limited to recovery, if any, of the amount claimed administratively in accordance with 28 U.S.C. § 2675(b).

FIFTH DEFENSE

Plaintiff had knowledge of and voluntarily assumed the risk of all that transpired. Plaintiff's injuries, if any, arose out of such risks.

SIXTH DEFENSE

Plaintiff has failed to mitigate damages.

SEVENTH DEFENSE

Any injury sustained by Plaintiff was not caused by carelessness or negligence on the part of Defendant, its agents, servants or employees, but was caused solely by and through the carelessness and negligence of Plaintiff.

EIGHTH DEFENSE

The injuries and damages alleged by Plaintiff were not proximately caused by a negligent or wrongful act or omission on the part of an employee or agent of the United States.

NINTH DEFENSE

Plaintiff is not entitled to attorneys fees or pre-judgment interest under the facts of this case. [28 U.S.C. § 2674]

TENTH DEFENSE

Defendant is entitled to an offset against damages, if any, for all monies paid to Plaintiff by the United States as a result of Plaintiff's injuries.

ELEVENTH DEFENSE

All future damages, if any, must be reduced to present value.

TWELFTH DEFENSE

Proposition 51, California Civil Code § 1431.2, et seq. provides that "each defendant shall be liable only for the amount of non-economic damages allocated to the defendant in direct proportion to that defendant's percentage of fault. . . ." It further provides for apportionment of non-economic damages at the trial level. The United States, therefore, has no potential exposure to cross-complainants for any non-economic damages paid or settled by them in the underlying tort action, nor for any related expenses, costs or fees.

THIRTEENTH DEFENSE

Plaintiff's request for trial by jury is improper and barred by statute. [28 U.S.C. § 2402.]

FOURTEENTH DEFENSE

Income taxes must be deducted from all alleged past and future lost earnings, if any.

WHEREFORE, Defendant, having fully answered Plaintiff's Complaint filed herein, prays that Plaintiff take nothing by reason of her suit herein, that judgment be rendered in favor of Defendant, for costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

DATED: January 22, 2008.　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　KAREN P. HEWITT
　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　S/ *David B. Wallace*
　　　　　　　　　　　　　　　　　　　　　DAVID B. WALLACE
　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　　　Email: Dave.Wallace@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　Counsel for Defendant